■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. PONELL JOHNSON, Appellant, v. JOHN L. ZELKER, Superintendent, Green Haven Correctional Facility, Respondent.— Judgment of the Supreme Court, Dutchess County, dated March 6, 1972, affirmed, without costs. (*People ex rel. Johnson* v. *Zelker*, 40 A D 2d 764.) Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.

■ ALFRED F. QUARESIMA, as Administrator of the Estate of CLAUDIA QUARESIMA, Deceased, Respondent, v. DONNA BELLISTRI, an Infant, by SEBASTIAN BELLISTRI, Her Parent and Natural Guardian, Appellant.— In an action to recover damages for wrongful death and conscious pain and suffering, defendant appeals from an order of the Supreme Court, Nassau County, entered August 21, 1972, which granted plaintiff's motion for summary judgment and set the case down for an assessment of damages. Upon the argument of this appeal it was conceded that there was no question of contributory negligence on the part of plaintiff's intestate. Order affirmed, with $20 costs and disbursements. No opinion. Shapiro, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse and to deny the motion, with the following memorandum: Under the circumstances of this case, I believe a question of fact exists as to whether there was a reasonable basis to believe that the road in question was a one-way road.

■ BERNARD TECUCEANU et al., Appellants, et al., Plaintiff, v. FRANCISCO FUNERAL HOME, INC., et al., Respondents.— In a negligence action to recover damages for personal injuries sustained by plaintiff Bernard Tecuceanu and for loss of consortium, etc., sustained by his wife, plaintiffs Tecuceanu appeal, on the ground of inadequacy, from so much of a judgment of the Supreme Court, Kings County, entered May 16, 1972, as is against defendants upon a jury verdict of $20,000 for plaintiff Bernard Tecuceanu and $2,500 for plaintiff Miriam Tecuceanu. Judgment affirmed insofar as appealed from, without costs. No opinion. Gulotta, Christ and Benjamin, JJ., concur; Hopkins, Acting P. J., and Brennan, J., dissent and vote to reverse the judgment insofar as appealed from and to grant a new trial between plaintiffs Tecuceanu and defendants on the issue of damages only, with the following memorandum: In our opinion, the conduct of counsel on the trial so obscured the merits of the case that a new trial is required in the interests of justice.